UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JAMES SUAREZ, SR.,

                                Plaintiff,

    v.                                           Civil Action No. 3:10–CV–690

LOOMIS ARMORED US, LLC,

                                Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Defendant's Motion to Dismiss the Amended Complaint. (Doc. No. 13). Upon due consideration and for the reasons stated below, the Court will DENY the Motion to Dismiss.

**I. BACKGROUND**

**A. Factual Background**[1]

This matter arises from alleged defamation following the termination of Plaintiff James Suarez Sr.'s employment with Defendant Loomis Armored US, LLC ("Loomis"). Loomis provides armored truck services to banks, and Suarez worked for the company as a driver responsible for picking up and transferring money. Loomis terminated Suarez in a May 28, 2009, letter that Suarez alleges "implicitly accused Suarez of stealing money from ATMs by listing the monetary shortages on various dates and then stating 'The sole

---

[1] These facts are presented as alleged by the Plaintiff in the Amended Complaint (Doc. No. 11).

common denominator with access to the cash in each loss was James Suarez.'" (Am. Compl. ¶ 11).

Suarez contends that Loomis's general manager, Kevin Hodges, "maliciously accused Suarez of theft in order to terminate his employment for testifying at [a former coworker's unemployment] hearing." (Am. Compl. ¶ 15). Suarez alleges that Loomis "knew or should have known that [he] did not steal any money" because Hodges cancelled a meeting scheduled to discuss a suspension, because Loomis did not pursue criminal charges against Suarez, and because Loomis did not challenge Suarez's unemployment claims.

On or about September 1, 2009, James Allport, a Loomis employee, serviced an ATM at a Walgreens on behalf of Loomis. Troy Bunger, a Walgreens employee, asked Allport about Suarez's absence, and Allport told him that "They [Loomis] said he stole a bunch of money." (Am. Compl. ¶ 6) (alteration in original). Suarez alleges that Allport heard that Suarez stole money from Leon Jones, a Loomis supervisor, and other Loomis employees, who discussed the termination during work hours. (Am. Compl. ¶ 7).

**B. Procedural Background**

In August 2010, Suarez filed a complaint in this case in Hanover Circuit Court alleging that Allport, a Loomis employee, made defamatory statements to Bunger and that Loomis is liable for those statements under the doctrine of *respondeat superior*. In September, Loomis removed the case to this Court, which asserted diversity jurisdiction because Suarez is a Virginia resident, Loomis is a Texas corporation with its principal place of business in Texas, and the amount in controversy exceeds $75,000. Loomis filed the instant Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on November 1, 2010. (Doc. No. 13).

## II. LEGAL STANDARD

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

The pleadings need not be supported by evidence but must "state a claim to relief *that is plausible on its face.*" *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S.Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. With these

principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### III. DISCUSSION

Because the alleged defamatory statements were made in Virginia, this Court reviews the Plaintiff's defamation claim in accordance with Virginia law. *See Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005). To state a claim for defamation in Virginia, the Plaintiff must allege enough facts to raise beyond a speculative level: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005) (identifying the elements of libel); *Fleming v. Moore*, 275 S.E.2d 632, 635 (Va. 1981) (noting that "Virginia makes no distinction between actions for libel and those for slander"). Publication occurs when an actionable statement is transmitted "to some third person so as to be heard and understood by such person." *Thalhimer Bros. v. Shaw*, 159 S.E. 87, 90 (Va. 1931); *see also Snead v. Harbaugh*, 404 S.E.2d 53, 55 (Va. 1991). Certain types of false statements are actionable *per se*:

> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

*Carwile v. Richmond Newspapers*, 82 S.E.2d 588, 591 (Va. 1954). Private plaintiffs alleging defamation *per se* must prove that the defendant acted negligently by a preponderance of the evidence. *Food Lion, Inc. v. Melton*, 458 S.E.2d 580, 584 (Va. 1995).

In the Amended Complaint, Suarez alleges that Allport defamed Suarez by stating to Bunger, a third party, that Loomis terminated Suarez's employment because "They [Loomis] said he stole a bunch of money." (Am. Compl. ¶ 6) (alteration in original). He asserts that the statement is actionable *per se* because it imputes to Suarez the commission of a crime and an unfitness to perform the duties of his previous job. (Am. Compl. ¶¶ 17-18). Additionally, he alleges that Allport repeated defamatory statements he overheard from other Loomis employees and supervisors who, despite knowing the information was false, acted with malice and with the reasonable expectation that their statements would be repeated to third parties. (Am. Compl. ¶¶ 7, 14, 20).

### A. Scope of Employment

Loomis first challenges Suarez's allegation of defamation against Loomis by arguing that the Amended Complaint fails to establish that Allport was working within the scope of his employment for the company. Due to this failure, Loomis asserts, Suarez cannot hold Loomis liable for Allport's statements under the doctrine of *respondeat superior*. In the Amended Complaint, however, the Plaintiff alleges that Allport was conducting Loomis's business when he was servicing the ATM at Walgreens during his work hours (Am. Compl. ¶ 5). The Court finds this allegation sufficient to show, at this stage, that Allport was working within the scope of his employment.

### B. Qualified Privilege

Loomis also challenges Suarez's allegation of defamation against Loomis by asserting that the claim is subject to a qualified privilege. The Virginia Supreme Court has advised that an allegedly defamatory statement arising out of an employment relationship

5

may be afforded a qualified privilege if the statement is made between persons on a subject in which they have a common interest or duty. *Union of Needletrades, Indus. & Textile Emps. AFL-CIO v. Jones*, 603 S.E.2d 920, 924 (Va. 2004); *Great Coastal Express, Inc. v. Ellington,* 334 S.E.2d 846, 853 (Va. 1985). Courts have applied this privilege to communications by employers to employees explaining a coworker's termination and to communication by employers discussing former employees with their prospective employers. *See, e.g.*, *Wynn v. Wachovia Bank*, No. 3:09-CV-136, 2009 WL 1255464, at *3-4 (E.D. Va. May 6, 2009); *Hargrave v. Tignor*, 24 Va. Cir. 353 (Va. Cir. Ct. 1991). A showing of malice is necessary to overcome the privilege. *Larimore v. Blaylock*, 528 S.E.2d 119, 121 (Va. 2000).

In this case, Suarez argues that Bunger, the Walgreens employee, was an "uninterested third party" and that the qualified privilege should not apply. (Pl.'s Resp. Mot. Dismiss 2). Loomis responds that Allport and Bunger had a common interest in Suarez's termination, because it "affected both of their jobs." (Mem. Supp. Mot. Dismiss 12). For the qualified privilege to apply Loomis must show that Allport and Bunger were fulfilling their job responsibilities and acting on common, corresponding duties or interests when they discussed Suarez's termination. Loomis, however, has not shown that Bunger's duties as a Walgreens employee included inquiring about and discussing the termination of a Loomis driver. Therefore, Loomis has failed to show that the qualified privilege applies.

## IV. CONCLUSION

Suarez has properly pled a claim for defamation under Virginia law, and Loomis has failed to show that *respondeat superior* liability is inappropriate or that a qualified privilege protects Allport's statement. Therefore, the Court DENIES the Motion to Dismiss the Amended Complaint.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

                /s/
James R. Spencer
Chief United States District Judge

ENTERED this   7th   day of December 2010.